UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MOHAMMED M. RAHMAN and FARHANA A. POLI,
Individually and as Husband and Wife,

                        Plaintiffs,

   -against-

THE CITY OF SCHENECTADY, NEW YORK,
THE SCHENECTADY POLICE DEPARTMENT,
and Schenectady Police Department (hereinafter, "SPD)
Sgt. Peter Montalto, SPD Det. Bret Ferris,
SPD Det. Ryan Kent, SPD Det. M. Farrand,
SPD Det. Hudson, SPD Det. Craig Comley,
SPD Sgt. Bradley Carlton, SPD Sgt. Thomas Harrigan,
SPD Lt. Paul Antonovich, SPD P.O.M. Thore,
SPD P.O. J. Haigh,  SPD P.O. Lima,
SPD P.O. Zelezniak,  SPD P.O. C. North,
SPD P.O. Brian Pommer,  SPD P.O. Nicholas Ottati,

                        Defendants.
-----------------------------------------------------------------------X

**AMENDED AND SUPPLEMENTAL COMPLAINT**

Case No.: 1:21-CV-589 FJS/DJS

Plaintiffs, by their attorneys, The Altman Law Firm, Frederick M. Altman, Esq. of counsel, complain of the Defendants and each of them individually and collectively and allege as follows:

**The Parties**

1. That at all times hereinafter mentioned the plaintiffs, Mohammed M. Rahman and Farhana A. Poli were residents of the City and County of Schenectady and State of New York and resided together as husband and wife at their home located at 2509 Broadway, City of Schenectady, New York.

1


2. That at all times hereinafter mentioned the City of Schenectady is a municipal corporation duly existing under and by virtue of the laws of the State of New York and employs, operates and maintains as part of its municipal government the Schenectady Police Department.

3. That at all times hereinafter mentioned the individually named defendants as hereinafter listed were officers and members of the aforesaid Schenectady Police Department and are identified as follows:

   Schenectady Police Department (hereinafter, "SPD") Sgt. Peter Montalto, SPD Det. Bret Ferris, SPD Det. Ryan Kent, SPD Det. M. Farrand, SPD Det. Hudson, SPD Det. Craig Comley, SPD Sgt. Bradley Carlton, SPD Sgt. Thomas Harrigan, SPD Lt. Paul Antonovich, SPD P.O.M. Thore, SPD P.O. J. Haigh, SPD P.O. Lima, SPD P.O. Zelezniak, SPD P.O. C. North, SPD P.O. Brian Pommer, SPD P.O. Nicholas Ottati and SPD officers described and identified in discovery only as SPD officers whose names are to be determined.

4. That at all times hereinafter mentioned each of the individually named defendants were officers and members of the Schenectady Police Department which maintained a principal place of business in the City of Schenectady, New York at 531 Liberty Street, Schenectady, New York.

**Facts**

5. That at all times hereinafter mentioned the plaintiff Mohammed M. Rahman was the owner in fee simple of real property located at 2509 Broadway in the City of Schenectady, New York.

6. That the aforesaid real property consisted of a residential dwelling containing two residential units one of which was occupied by the plaintiff Mohammed M. Rahman, his wife Farhana A. Poli and their children and the other unit was rented.

7. That this claim arose on or about January 15, 2020 when the Schenectady Police Department and the individual officers and patrolmen of the Schenectady Police Department conducted and carried out a raid at the aforesaid residential home of the plaintiffs in an apparent attempt to locate an individual who was not present at that time but was a tenant in the rental unit of the dwelling.

8. That a Notice of Claim was duly filed within 90 days of the incident alleged in this action.

9. That this action was commenced within one year and 90 days of the incident complained of in this Supreme Court of the State of New York for the County of Schenectady and the action has not been settled or otherwise resolved.

10. That a hearing pursuant to Section 50h of the General Municipal Law of the State of New York was conducted on July 23, 2020.

11. That a Notice of Removal was then filed by the defendants seeking to remove the action from the Supreme Court of the State of New York for the County of Schenectady to the United States District Court for the Northern District of New York (USDC-NDNY).

12. By the Order of USDC-NDNY Hon. Daniel J. Stewart, M.J. the action was removed to the USDC-NDNY where it assumed the USDC heading and Civil Action number.

13. That leave was thereafter granted to serve an Amended and Supplemental complaint which is filed herewith.

**AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENT DAMAGE TO PROPERTY**

14. The plaintiffs repeat, reiterate and reallege each and every allegation heretofore set forth in paragraphs 1-13 and incorporates them here by reference with the same force and effect as if more graphically set forth.

15. That during the aforesaid raid, the Schenectady Police Department, and each of the above referenced individually named officers and members of the Schenectady Police Department acting under color of state law negligently, forcefully and violently raided and entered the aforesaid home of the plaintiffs.

16. That during the course of the aforesaid intrusion into the plaintiff's home which continued over several hours the Schenectady Police Department engaged in negligent, excessive, violent and destructive force and conduct and employed excessive munitions, ordinance and unnecessarily violent tactics even though it was apparent that the person allegedly sought who was a tenant in an apartment in the building was not present.

17. That the Schenectady Police Department, its officers, agents, servants and employees were unobstructed and were not barred from entering the residence and could have done so peacefully with consent.

18. That during the ongoing raid and assault upon the plaintiff's home, the Schenectady Police Department, its officers, agents and employees deliberately

caused massive destruction of the plaintiff's home and personal property contained therein.

19. That the plaintiffs were given no warning or explanation and were forcibly and violently removed from their home, together with their minor children and were forced to spend many hours in the cold without any attention to their wellbeing.

20. That as result of the foregoing, the plaintiffs were caused to suffer massive, severe and catastrophic damage to their home and personal property and they were terrorized and traumatized and otherwise injured and damaged.

21. That the plaintiff's conduct was free from any negligence contributing to the damages they suffered or was at least to a lesser degree to that of the defendant.

22. That the injuries and damages suffered by the plaintiffs were proximately caused as a result of the negligent and willful conduct on the part of the City of Schenectady and the Schenectady Police Department and their officers, servants, agents and employees.

23. That plaintiff alleges that to the extent applicable, the provisions of CPLR Article 16 apply to this action.

24. That the acts and or omissions constituting negligence and culpable conduct and willful misconduct on the part of Defendant, The City of Schenectady and the Schenectady Police Department, its officers, agents and employees, were, among others as follows:

    a. Negligently, unlawfully and improperly invading, raiding and assaulting the home of the plaintiffs.

b. In failing to follow their own or any standard or accepted police procedures and protocols with respect to the actions taken.

c. In employing overwhelmingly excessive, unnecessary and inappropriate levels of destructive force and violence.

d. In unnecessarily damaging, trashing and destroying the home and property of the plaintiffs.

e. In failing to establish and deploy a proper chain of command and control over the situation.

f. In failing to hire and deploy competent personnel appropriately trained in their duties.

g. In failing to supervise their personnel.

h. In failing to maintain reasonable control over their personnel.

i. In failing to take reasonable or any steps to regain control of the situation or to limit or mitigate the damage being done, particularly when it was apparent that no necessary or legitimate reason to engage in this or any level of the destructive and damaging conduct existed.

j. In failing to take any actions to ensure the safety of the life and limb and property of the plaintiffs.

k. In unnecessarily placing the plaintiffs in harm's way and causing them to be subjected to harsh, threatening and intimidating conduct.

    l.  In failing to take all or in fact any reasonably prudent steps to ensure the safety, life and limb of the plaintiffs or to preserve and protect plaintiff's property.

    m.  In failing to train their personnel.

    n.  In engaging in negligent, willful and deliberate conduct for no legitimate purpose.

    o.  In deploying tactics, munitions, and ordnance that was grossly excessive and unnecessarily violent and destructive.

    p.  In failing to take every or in fact any reasonable, prudent and standard steps or procedures to ensure the safety of the life and limb and property of the plaintiffs.

    q.  In failing in their individual capacities as officers and patrolmen in control of the scene to properly discharge their duties in the manner set forth herein.

    r.  In being otherwise carless, willful, wanton and negligent.

25. That as a result of the foregoing, the plaintiffs were caused to suffer severe damage, destruction, deterioration and devaluation of their home, personal property, furnishing and contents and the loss of the rental income of the rental unit.

26. That as a result of the foregoing, the plaintiff's property was damaged and destroyed both internally and externally with broken walls, windows and doors,

destruction of furnishings, furniture, clothes and other property and the dwelling was rendered gaseous, toxic and uninhabitable.

27. That as a result of the foregoing, the plaintiffs have been caused to incur or expend substantial sums for the repair, rehabilitation, restoration and replacement of their home and property.

28. That as a result of the foregoing, the plaintiffs have been deprived of the use, enjoyment, income and benefits of their home and property.

29. That the defendants established a special duty relationship to these plaintiffs and negligently, willfully and deliberately violated that duty.

30. That plaintiffs reserve the right to request applicability of the evidentiary rule of res ipsa loquitur.

31. That as a result of the foregoing, plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of lower courts that would otherwise have jurisdiction over this action.

## AS AND FOR A SECOND CAUSE OF ACTION FOR PERSONAL INJURIES TO THE PLAINTIFFS

32. The plaintiffs repeats, reiterates and realleges each and every allegation of statement of fact heretofore set forth in paragraphs 1-31 and incorporates them here by reference with the same force and effect as if more graphically set forth.

33. As a result of the foregoing, the plaintiffs were traumatized, terrorized and subjected to freezing cold during the conduct of the operation and were then

subject to the effects of noxious gas and chemicals that were deployed inside of their home and which contaminated the air, enviroment, clothing, furniture and possessions in the home.

34. That as a result of the foregoing, the plaintiffs were caused to seek medical attention for anxiety and respiratory irritation and they may require additional medical attention in the future.

35. That as a result of the foregoing, the plaintiffs have been caused to incur or expend substantial sums for medical care and treatment and have been advised that they may incur additional expenditures for such purposes in the future.

36. That as a result of the foregoing, the plaintiffs have been deprived of their enjoyment of life and the emoluments of their labors and they are advised that they may remain so deprived for a long period of time to come.

37. That as a result of the foregoing, the plaintiffs have been deprived of their entitlement to the consortium, services and relationships to which they are entitled as husband and wife.

38. That as a result of the foregoing, the plaintiffs have been damaged in the sum that exceeds the jurisdictional limits of all courts that would otherwise have jurisdiction over this action.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS UNDER 42 U.S.C. SECTION 1983**

39. The plaintiffs repeats, reiterates and realleges each and every allegation of statement of fact heretofore set forth in paragraphs 1-38 and incorporates them here by reference with the same force and effect as if more graphically set forth.

40. That the Defendants violated Plaintiffs rights under the Fourth Amendment and Eighth Amendment of the United States Constitution, as made applicable to the States by the Fourteenth Amendment.

41. That the Defendants violated the Plaintiffs rights by unjustifiably using force that was far in excess of the force that would have been considered objectively reasonable under the circumstances and by invading the personal home of the plaintiff's without due process or just cause.

42. That the Defendants undertook their actions as described herein with evil motive or intent, and/or with reckless or callous indifference to plaintiffs' federally protected rights of life, liberty and property.

43. That the Defendant and its officers, agents and employees acted under color of state law and thus violated 42 U.S.C. 1983.

44. That as a result of the Defendant's conduct the Plaintiffs have suffered loss of their property and personal injury and damage rendering them sick, sore, lame, wounded, disabled, embarrassed and emotionally distraught and that the damages they have suffered as set forth herein are continuing, on going and may be permanent.

45. That the Defendant, City of Schenectady Police Department is responsible for establishing policies and procedures to be utilized by its officers when conducting

its operations and the Defendants failed to establish those policies or failed to properly train and or enforce those policies resulting in the damages to the plaintiffs complained of herein.

46. That the Defendants individually and collectively engaged in an ongoing pattern of conduct of the type complained of herein resulting in the negligent and or intentional infliction of emotional distress, reckless infliction of emotional distress and deprivation of liberty and property by the use of excessive force, discourtesy and failure to carry out police procedures.

47. That the ongoing pattern of official abuse of power by the defendants relates to its intentional infliction of emotional distress, reckless infliction of emotional distress, unreasonable deprivation of liberty, destruction of property and deliberate indifference to the rights of the plaintiffs.

48. That the Defendant's individually each had a duty to protect the rights of the plaintiff's and by their conduct violated the rights of the plaintiffs.

49. That the defendants conduct described herein violated clearly established statutory and constitutional rights of which any reasonable person would have been aware and known.

50. That an award of money damages advances the public interest in that future constitutional violations by police officers and municipalities will be deterred by such an award.

51. That as a result of the foregoing, the plaintiffs have been damaged in sums that exceed the jurisdictional limits of all other courts that would otherwise have jurisdiction over this action.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS AGAINST A CONSTITUTIONAL TORT VIOLATION OF THE NEW YORK STATE CONSTITUTION

52. The plaintiffs repeats, reiterates and realleges each and every allegation of statement of fact heretofore set forth in paragraphs 1-51 and incorporates them here by reference with the same force and effect as if more graphically set forth.

53. Constitutional tort violations of the New York State Constitution are alleged against the City of Schenectady only and based upon the liability doctrine of the respondeat superior.

54. That as a result of the foregoing, the plaintiffs have been damaged in an amount that exceeds jurisdictional limits of all other courts that would otherwise have jurisdiction over this action.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS ALLEDGING LOSS OF CONSORTIUM

55. The plaintiffs repeats, reiterates and realleges each and every allegation of statement of fact heretofore set forth in paragraphs 1-54 and incorporates them here by reference with the same force and effect as if more graphically set forth.

56. That by virtue of the marital relationship existing between the plaintiffs they are each entitled to the comfort, consortium and services of a happy and healthy spouse.

57. That as a result of the aforesaid conduct by the defendants, the plaintiffs have each been deprived of and denied their rights of consortium derived from their marital relationship.

58. That as a result of the foregoing, the plaintiffs have been damaged in an amount that exceeds jurisdictional limits of all other courts that would otherwise have jurisdiction over this action.

## DEMAND FOR PUNITIVE DAMAGES

59. The plaintiffs repeats, reiterates and realleges each and every allegation of statement of fact heretofore set forth in paragraphs 1-58 and incorporates them here by reference with the same force and effect as if more graphically set forth.

60. That the defendant's conduct individually and collectively were extreme, outrageous, shocking to the consciousness of a reasonable person and were reckless, wanton and or willful and malicious.

61. Plaintiffs seek punitive damages against the defendants as a result of their cruel and uncivilized conduct alleged herein.

**DEMAND FOR AN AWARD FOR ATTORNEYS FEES AND EXPERT WITNESS FEES**

62. The plaintiffs repeats, reiterates and realleges each and every allegation of statement of fact heretofore set forth in paragraphs 1-61 and incorporates them here by reference with the same force and effect as if more graphically set forth.

63. That as a result of the afore described conduct on the part of the defendants and each of them, the plaintiffs are entitled to an award of fees to compensate them for attorneys fees and expenses for expert witness fees and expenses.

**WHEREFORE**, plaintiffs demand:

a. Judgment on behalf of each plaintiff against the defendants and each of them in each cause of action for compensatory damages in an amount to be determined which amount exceeds the jurisdictional limits of all other courts that would otherwise have jurisdiction over this action.

b. A judgment awarding punitive damages in an amount to be determined.

c. A judgment awarding attorneys fees and expert witness fees and the costs of this action.

d. Such other and further relief as to the court may seem just proper and equitable.

Dated: 5/20/2022

Albany, NY

Yours, etc,

_(signature)_

Frederick M. Altman, Esq.
Attorneys for Plaintiff
The Altman Law Firm
6 Walker Way
Albany, New York 12205
(518) 690-2828

TO: Corey A. Ruggiero, Esq.
Attorneys for Defendant
Johnson & Laws, LLC
646 Plank Road, Suite 205
Clifton Park, New York 12065
(518) 490-6428